**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Malarie Scroggins, | No. CV-18-04776-PHX-SPL |
| Plaintiff, | **ORDER** |
| vs. | |
| Equifax Information Solutions LLC, et al., | |
| Defendants. | |

Plaintiff Malarie Scroggins (the "Plaintiff") filed suit against Trans Union LLC (the "Defendant") alleging multiple causes of action related to alleged violations of the Fair Credit Reporting Act. (Doc. 37 at 11–13) The Defendant moves to dismiss the Plaintiff's claims against it (the "Motion"). (Doc. 43) The Motion was fully briefed on June 27, 2019. (Docs. 47, 53) The Court's ruling is as follows.

**I. Background**

On October 14, 2014, the Plaintiff filed for Chapter 7 bankruptcy protection. (Doc. 37 at 3) The Plaintiff's bankruptcy case was discharged on March 6, 2015. (Doc. 37 at 3) On August 23, 2018, the Plaintiff alleges that the consumer credit report generated by the Defendant contained inaccurate information. (Doc. 37 at 4) In September 2018, the Plaintiff notified the Defendant of the inaccurate information, stating that one of the accounts present on the consumer report (the "Chase Account") was discharged in the Plaintiff's bankruptcy case and closed. (Doc. 37 at 4) Specifically, the Plaintiff argues that

her consumer report should include a notation stating that the Chase Account was discharged in the Plaintiff's bankruptcy. (Doc. 37 at 3) After revisiting her consumer report in November 2018, the Plaintiff alleges that the Defendant did not correct the inaccurate information on her consumer report pertaining to the Chase Account. (Doc. 37 at 4) The Plaintiff initiated this action and filed an amended complaint (the "FAC") seeking damages against the Defendant for its negligent and willful violations of the Fair Credit Reporting Act ("FCRA"). (Doc. 37)

## II.   Legal Standard

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Court may dismiss a complaint for failure to state a claim under Federal Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, and (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacificia Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In deciding a motion to dismiss, the Court must "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). In comparison, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" are not entitled to the assumption of truth, and "are insufficient to defeat a motion to dismiss for failure to state a claim." *Id.*; *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). A plaintiff need not prove the case on the pleadings to survive a motion to dismiss. *OSU Student All. v. Ray*, 699 F.3d 1053, 1078 (9th Cir. 2012).

A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *Zemelka v. Trans Union LLC*, 2019 WL 2327813, at 1 (D. Ariz. May 31, 2019) (*citing United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)). "A court may, however, consider materials—documents attached to the complaint,

documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id*. Additionally, "[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Lovelace v. Equifax Info. Servs. LLC*, 2019 WL 2410800, at 1 (D. Ariz. June 7, 2019) (*citing Ritchie*, 342 F.3d at 908). A plaintiff need "not explicitly allege the contents of that document in the complaint" for the court to consider it, as long as the "plaintiff's claim depends on the contents of [the] document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). "[T]he district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

### III. Analysis

The Plaintiff's claims arise under 15 U.S.C. §1681o and 15 U.S.C. §1681n for negligent and willful violations of the FCRA. (Doc. 37 at 11–13) Count 5 of the FAC alleges that the Defendant negligently produced a consumer report that was inaccurate in violation of FCRA section 15 U.S.C. §1681e(b), and Count 6 of the FAC alleges that the Defendant willfully produced a consumer report that was inaccurate in violation of FCRA section 15 U.S.C. §1681e(b). (Doc. 37 at 11–13) Both of the Plaintiff's claims against the Defendant allege that the Defendant failed to maintain procedures to assure the accuracy of the information produced in the Defendant's consumer reports in violation of FCRA section 15 U.S.C. §1681i. (Doc. 37 at 11–12) The Defendant argues that there is no violation of the FCRA because it did not report anything factually inaccurate in the Plaintiff's consumer report. (Doc. 43 at 5–9)

Section 1681e(b) requires a "consumer reporting agency prepar[ing] a consumer report" to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C.

§ 1681e(b). Under § 1681i, a credit reporting agency "must conduct a free and reasonable reinvestigation within thirty days of a consumer informing the [credit reporting agency] of disputed information." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018). To bring claims under both § 1681e(b) and § 1681i, a plaintiff must plead inaccuracy. *Lovelace*, 2019 WL 2410800 at 3; *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) ("In order to make out a prima facie violation under § 1681e(b), a consumer must present evidence tending to show that a credit reporting agency prepared a report containing inaccurate information."); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010) ("Although the FCRA's reinvestigation provision, 15 U.S.C. § 1681i, does not on its face require that an actual inaccuracy exist for a plaintiff to state a claim, many courts, including our own, have imposed such a requirement."). Information is "'incomplete or inaccurate' within the meaning of the FCRA" where it is either "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Lovelace*, 2019 WL 2410800 at 3; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009).

      The Plaintiff does not attach a copy of the consumer report disputed in the FAC to the pleading; however, the Defendant attached an exhibit to the Motion containing edited excerpts of the Plaintiff's consumer report in the Declaration of Donald Wagner (the "Wagner Declaration"). (Doc. 43-1) The Defendant also attached the Plaintiff's bankruptcy petition (Doc. 43-2) and bankruptcy discharge order (Doc. 43-3) as exhibits to the Motion. The Plaintiff disputes the Defendant's inclusion of the undated excerpts of the Plaintiff's consumer report because the Plaintiff argues that the excerpts set forth in the Wagner Declaration are not the excerpts referenced by the Plaintiff in the FAC. (Doc. 47 at 5) The Plaintiff's entire complaint is based on the information in the consumer report maintained by the Defendant, yet she did not attach the report to the FAC. The Wagner Declaration seeks to authenticate and provide the language that was used by the Defendant to report the status of Plaintiff's Chase Account. (Doc. 43-1 at 2) The Plaintiff did not directly challenge the authenticity of the consumer report excerpts. Instead, the Plaintiff

argues that the consumer report excerpts set forth in the Wagner Declaration are undated and, as a result, should not be considered. (Doc. 47 at 4–5) The Court finds that the Wagner Declaration appropriately authenticates the consumer report excerpts as representative of those appearing in the Plaintiff's consumer report during the relevant time period. Accordingly, the Court will consider the Wagner Declaration exhibit to the Motion. (Doc. 43-1)

A review of the excerpts of the Plaintiff's consumer report shows that (i) the "Pay Status" identified for the Chase Account is listed as ">Account Included in Bankruptcy<"; (ii) beneath "Pay Status," the report states "Date Closed: 08/19/2012"; and (iii) the "Remarks" section for the Chase Account states ">Chapter 7 Bankruptcy<; Closed By Credit Grantor". (Doc. 43-1 at 2) The Defendant also directs the Court to the public records section of the Plaintiff's consumer report, which includes a notation stating that the Plaintiff's chapter 7 bankruptcy was discharged. (Doc. 43-1 at 2) In the FAC, the Plaintiff does not identify the inaccurate or misleading information present in the consumer report. Instead, the Plaintiff argues that a notation should be included for the Chase Account stating that the account was discharged in bankruptcy. (Doc. 47 at 7) The Plaintiff argues that the consumer report is materially misleading without any such notation of discharge because a lender reading the report would not understand that the account was discharged.

Under the FCRA, an account can be inaccurate on its face or misleading in such a way and to such an extent that it can be expected to have an adverse effect on the consumer. *Zemelka*, 2019 WL 2327813 at 2; *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). However, courts have recognized that the alleged misleading information should be read in the context of the whole report in order to determine whether the disputed information is significant enough to form the basis for a claim. *Zemelka*, 2019 WL 2327813 at 2; *See Torian v. JP Morgan Chase Bank, N.A.*, 2017 WL 2986250, at 6 (N.D. Cal. July 13, 2017). In this case, the consumer report clearly demonstrates that the Chase Account at issue was included in the Plaintiff's bankruptcy, the bankruptcy was discharged, and the Chase Account is closed. In the absence of a finding that the Defendant

reported information in the Plaintiff's consumer report inaccurately, the Plaintiff fails to provide sufficient factual support for her claims under the FCRA. Accordingly, in reviewing the Plaintiff's consumer report, the Court finds there is nothing inaccurate in the Defendant's reporting of Plaintiff's Chase Account, and the Motion must be granted.

Accordingly,

**IT IS ORDERED** that Defendant Trans Union LLC's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 43) is **granted**, and Counts V and VI of the Complaint (Doc. 37) will be dismissed. Defendant Trans Union LLC shall be dismissed from this case; and

**IT IS FURTHER ORDERED** that Defendant Trans Union LLC's Motion to Dismiss Plaintiff's Complaint and Memorandum in Support (Doc. 20) is **denied as moot**.

Dated this 11th day of July, 2019.

Honorable Steven P. Logan
United States District Judge